UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ELAINE SMITH,

  Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant,
_____/

Case No. 1:16-cv-626

HON. JANET T. NEFF

**OPINION**

  This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

**STANDARD OF REVIEW**

  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was fifty-nine years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.35, 76, 87.) She completed high school as well as some college, and was previously employed as a cashier. (PageID.56, 70.) Plaintiff applied for benefits on June 25, 2013, alleging disability beginning June 1, 2007, due to osteoarthritis, carpal tunnel syndrome, a left knee replacement, depression, anxiety, hypertension, and high cholesterol. (PageID.76–77, 87–88, 224–238.) Plaintiff's applications were denied on November 8, 2013, after which time she requested

a hearing before an ALJ. (PageID.116–150.) On November 6, 2014, Plaintiff appeared with her representative before ALJ James Kent for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.52–74.) In a written decision dated December 22, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.35–51.) On April 1, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.26–30.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1]
1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Kent determined that Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.52.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative joint disease of the bilateral knees status-post surgeries, degenerative joint disease of the bilateral hips, and obesity. (PageID.40.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.43.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She could lift 20 pounds occasionally and 10 pounds frequently. The claimant could sit for six hours of an eight-hour workday. She could stand/walk for six hours of an eight-hour workday. The claimant could occasionally climb ramps and stairs. She could not climb ladders, ropes, or scaffolds. The claimant had no non-exertional mental limitations.

(PageID.44.) Continuing with the fourth step, the ALJ found that Plaintiff was capable of performing her past relevant work as a cashier. The ALJ determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (PageID.46.) Having made his determination at step four, the ALJ completed the analysis and entered a finding that Plaintiff had not been under a disability from the alleged disability onset date, June 1, 2007, through the date

of decision, December 22, 2014. (PageID.46–47.)

## DISCUSSION

Plaintiff raises a number of issues. The Court will consider them in the order in which they appear during the sequential evaluation.

1.    **The ALJ's Step Two Determination.**

Plaintiff first claims that, based on the findings of a consultative examiner, the ALJ should have found that her carpal tunnel syndrome amounted to a severe impairment. (PageID.579.) The Court finds no reversible error.

At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c) and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)); *see also Williamson v. Sec'y of Health & Human Servs.*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

As Plaintiff points out, step two of the sequential disability process is considered a

"de minimis hurdle" designed to subject to dismissal only those claims which are "totally groundless" from a medical standpoint. *Rogers*, 486 F.3d at 243 n.2; *Higgs*, 880 F.2d at 860. "[T]his lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

Even assuming Plaintiff is correct that the ALJ should have found her carpal tunnel syndrome was a severe impairment, however, the Court notes the Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz*, 837 F.2d at 244); *Fisk v. Astrue*, 253 F. App'x 580, 583–84 (6th Cir. 2007) (same). This is fatal to Plaintiff's claim because here the ALJ determined that Plaintiff suffered from a severe impairment at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the evidence of record, including the records Plaintiff depends on in her argument. (PageID.41.) Thus, even if the Court assumes that the ALJ erred in failing to find that Plaintiff suffered from additional severe impairments, such does not call into question the substantiality of the evidence supporting the ALJ's decision. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535–36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative

6

law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"). This claim of error is accordingly denied.

### 2. The ALJ's RFC Determination.

Next, Plaintiff contends the ALJ's RFC determination is flawed because it failed to including any functional limitations regarding the ability to handle. (PageID.577–579.) Plaintiff depends on the report of Dr. Michael Geoghegan, a consultative examiner. (PageID.470.) RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x. 675, 677 n. 3 (6th Cir. 2013); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). It is an administrative finding of fact made by the ALJ on the record as a whole. The Court finds substantial evidence supporting the ALJ's determination here.

Plaintiff depends on the doctor's diagnosis of carpal tunnel syndrome, and his statement that Plaintiff had "50% of grip strength remaining bilaterally as tested grossly" and that she would "likely benefit from occupational therapy." (PageID.469.) As is well recognized, however, "the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Comm'r of Soc. Sec.*, No. 99–3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000) (citing *Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988)); *see, e.g.*, *Higgs*, 880 F.2d at 863 ("[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition"). While Plaintiff correctly quotes from the doctor's report, the report does not contain any functional limitations from the doctor. Thus this report may very well be consistent with the RFC. Indeed, Dr. Geoghegan also

noted that Plaintiff is able to pick up a coin, fasten a button, and open a door. There was a negative Tinel's and Phalen's sign bilaterally. (PageID.469.) Even though the report was reviewed by Dr. Saadat Abbasi, an agency consultant, the doctor nonetheless concluded Plaintiff had no manipulative limitations. (PageID.95.) The ALJ gave the opinion "significant weight" noting it was consistent with Plaintiff's medical history. (PageID.46.) Accordingly, substantial evidence supports the ALJ's RFC determination and this claim of error is denied.

### 3. The ALJ's Step Four Determination.

As noted above, the ALJ decided Plaintiff's claim at step four. Specifically, he determined that Plaintiff was capable of performing her past relevant work as a cashier, noting "I find the claimant's past work as a "Cashier" (1998-2002) is 'relevant.' She performed this job within the last 15 years, it lasted long enough for her to master the skills involved, and her income was "substantial" in 1999 and 2000 (2E and 6D)." (PageID.46.) After making this determination, the ALJ proceeded to find that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). Plaintiff argues her work as a cashier does not qualify as past relevant work because it did not satisfy the requirement that it include substantial gainful activity within the relevant time period.

"Generally, past relevant work is defined as work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. Substantial gainful activity is in turn defined as work that involves significant physical or mental activities done for pay or profit." *Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395–96 (6th Cir. 2010) (internal citations and quotation marks omitted); *see also* 20 C.F.R. §§ 404.1565(a), 416.965(a) ("We consider that your work experience applies when it was done within the last 15

years, lasted long enough for you to learn to do it, and was substantial gainful activity."). The Social Security Administration has promulgated guidelines for determining whether a claimant's earnings amount to substantial gainful activity. Under agency regulations, if Plaintiff's average monthly earnings exceeded a threshold amount of $700 in 1999 and 2000, those earnings will "ordinarily show" that Plaintiff was engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). On the other hand, if Plaintiff's average earnings are below that threshold, the Commissioner "will generally consider" those earnings do not amount to substantial gainful activity and "will generally not consider other information in addition to [ ] earnings." 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3).

The ALJ based his determination by referencing two exhibits, 2E and 6D. On their face, however, both exhibits conflict with each other. Exhibit 2E contains Plaintiff's self provided work history on an agency disability report. There, Plaintiff reported working as a cashier at a toy store from January 1998 to January 2002. (PageID.253.) Turning to Exhibit 6D, however, this work does not appear on Plaintiff's earning history. Instead, work at Tish Inc, and One Hour Martinizing of Battle Creek are referenced. (PageID.243.) Neither of this work spans the time period referenced in Exhibit 2E and identified by the ALJ. Therefore, it appears the ALJ was crediting Plaintiff's description of her work, but applied the earnings history from a document that clearly indicates Plaintiff was not performing this work. This discrepancy, however, was not resolved by the ALJ. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir.1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for

crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y of Health & Human Services*, 753 F.2d 517, 519 (6th Cir.1985) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). Here, the Court cannot trace the path of the ALJ's reasoning. Accordingly, this matter will be reversed and remanded under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner will be directed to provide a more detailed explanation of the step four determination and to resolve the conflict among the relevant exhibits from the administrative record.

### 4. Remand is Appropriate.

As detailed herein, the ALJ's conclusion that Plaintiff was not disabled is not supported by substantial evidence. While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if proof of her disability is "compelling." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision is not supported by substantial evidence, there does not exist compelling evidence that Plaintiff is disabled. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. The Court, concludes, therefore, that the Commissioner's decision must be reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g). This matter is remanded for further factual findings, including but not necessarily limited to, reconsideration of Plaintiff's past relevant work.

Dated:  January 26, 2017              /s/ Janet T. Neff
                                                                                            JANET T. NEFF
                                                                                            UNITED STATES DISTRICT JUDGE